# IN THE COURT OF APPEALS OF IOWA

No. 19-2142
Filed April 15, 2020

**IN THE INTEREST OF L.M.,**
**Minor Child,**

**B.M., Father,**
　　Appellant.

_____

Appeal from the Iowa District Court for Warren County, Brendan Greiner, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Yvonne C. Naanep, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Gina Burress of Carr Law Firm, Des Moines, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., Mullins, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

L.M. came to the attention of the Iowa Department of Human Services after his mother overdosed on heroin and died when L.M. was four months old. The juvenile court removed L.M. from the father's custody due to the father's drug use. The father was arrested one month later on charges of possession of methamphetamine and second-degree theft. He did not participate in services or have contact with L.M. during that month. Between the time of his arrest and the court's pronouncement of a fifteen-year prison sentence some four months later, the father saw L.M. only once. The State petitioned to terminate the father's parental rights, which the juvenile court granted.

The father appeals the termination order. We review termination proceedings de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We give weight to the juvenile court's findings although they are not binding. *See id.* This is especially true when the court makes findings on witness credibility. *See id.*

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(e) and (h) (2019). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). In his brief, the father explicitly challenges the termination of his parental rights under section 232.116(1)(e) but fails to articulate a challenge to the termination of his parental rights under section 232.116(1)(h). Failing to challenge one of the grounds for termination waives the claim. *See L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived.").

The father challenges the reasonable efforts made by the State to return L.M. to his care. *See* Iowa Code § 232.102(7) (requiring that the State "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). Arguably, this can be viewed as a challenge to the termination of his parental rights under section 232.116(1)(h) because, although the reasonable-efforts requirement is not "a strict substantive requirement of termination," "[t]he State must show reasonable efforts as part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). And in order to terminate parental rights under section 232.116(1)(h), the State must show "the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time." Iowa Code § 232.116(1)(h)(4).

Assuming the father is challenging the sufficiency of the evidence showing L.M. could not be returned to his care at the time of the termination hearing, *see In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"), we reject his claim. The father was incarcerated and serving a fifteen-year sentence at the time of the termination hearing. Although the father hopes his sentence will be reconsidered or that he will be granted parole, neither is guaranteed to happen. And as the juvenile court found, "Assuming he is released tomorrow, he is handicapped by his past and under no circumstances would [L.M.] be returned to his care." Given the father's lengthy history of substance use and his criminal history, we agree with the court's assessment. Thus, the State has proved the grounds for termination under section 232.116(1)(h).

To the extent that the father asserts the State failed to make reasonable efforts, error is not preserved on this claim. A parent must raise a challenge to the juvenile court about the adequacy of the services "at the removal, when the case permanency plan is entered, or at later review hearings." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). And any request for different or additional services must be made to the juvenile court because "voicing complaints regarding the adequacy of services to a social worker is not sufficient." *Id.* The father failed to do so.

The father also contends termination is contrary to L.M.'s best interests. In deciding whether to terminate parental rights, Iowa Code section 232.116(2) requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." The "defining elements" of a child's best interests are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). The father cannot now or in the foreseeable future provide L.M. with a safe home. And in his short life, L.M. has had very little contact with the father. In contrast, the maternal grandmother has provided L.M. with a safe and stable home for most of his life. She plans to adopt L.M. just as she adopted his older sibling after the mother's parental rights were terminated. Weighing an uncertain future with the father and the safety and stability L.M. has known with the maternal grandmother, it is clear that termination is in L.M.'s best interests.

Finally, the father asks us to establish a guardianship with the maternal grandmother in order to avoid terminating the father's parental rights. *See* Iowa Code § 232.116(3)(a) (providing that the court "need not terminate the relationship

between the parent and child if it finds . . . [a] relative has legal custody of the child"); *see also id.* §§ 232.104(2)(d)(1) (allowing for transferring of "guardianship and custody of the child to a suitable person"), .117(5) (authorizing the court, following a termination hearing, to enter an order in accordance with section 232.104 in lieu of terminating parental rights). But the provisions of section 232.116(3) are not mandatory. *See A.S.*, 906 N.W.2d at 475. Rather, if any of the criteria listed under section 232.116(3) apply, the court may decline to terminate parental rights depending on the facts of the case before it. *See id.* And if termination is appropriate, that determination "is not to be countermanded by the ability and willingness of a family relative to take the child." *Id.* (citation omitted). "The child's best interests always remain the first consideration." *Id.* (citation omitted). Because terminating the father's parental rights is in L.M.'s best interests, we affirm.

**AFFIRMED.**